## COOKE *against* REINHART, and others.

A writ of error, and not a *Certiorari,* is the proper remedy for the correction of errors in the Court of Common Pleas, in a case brought into that court on a *Certiorari,* to remove the proceedings of two aldermen, or justices of the peace, under the act of 6th of *April,* 1802, "to enable purchasers at sheriff's or coroner's sales to obtain possession."

But after the lapse of two terms, it is too late to move to quash the *Certiorari.*

In a proceeding under the act of 6th of *April,* 1802, to obtain possession of land purchased at sheriff's sale, if the inquest find that A. B. was the defendant whose land was sold; that he was in possession at the time, and that the purchaser gave notice to him, and to C. D. and E. F., *his tenants,* it is a sufficient finding of the possession of the debtor, and that those who are said to be his tenants, came into possession under him.

It is enough if the inquest find, that the purchaser gave *due and legal notice,* without expressly finding, that three months' notice was given prior to the application to the justices.

Where this court reversed the judgment of the Court of Common Pleas, who had reversed the proceedings of two justices, under the act of 6th of *April,* 1802, and awarded restitution of the land to the defendants, a writ of re-restitution to the complainants was awarded.

CERTIORARI to the Court of Common Pleas of *Lancaster* county.

This was a proceeding under the act of 6th of *April,* 1802, by *David Cooke* against *George Reinhart, Henry Cassel* and *Abraham Cassel,* to recover possession of a tract of land, &c. in *Donegal* township, sold by the sheriff on an execution against *Henry Cassel.*

(Cooke *v.* Reinhart and others.)

The purchaser was *John Roberts*, who by deed, bearing date 25th of *August*, 1821, conveyed the premises to the complainant. The complaint, which was addressed to *John Passmore* and *Samuel Dale*, esqrs., aldermen, in and for the city of *Lancaster*; after setting forth the sheriff.'s sale, &c., proceeded, " your complainant being desirous of obtaining possession of the said premises, for that purpose did, on the 7th day of *September*, 1821, demand and require the said *Henry Cassel*, as whose property the said premises were sold, *Abraham Cassel* and *George Reinhart*, to remove from and leave the same, and they have hitherto refused, and still do refuse to comply therewith: That three months having elapsed since the service of said notice, he makes this his complaint, that such proceedings may be taken by you as are directed by the act of assembly, in such case made and provided."

Upon this complaint, the aldermen issued their precept to the sheriff, by whom a jury was summoned, and the usual proceedings took place.

The inquisition, which was taken by the aldermen and jury on the 15th of *December*, 1821, stated, that *John Roberts*, on or about the 16th day of *August*, 1821, at the county aforesaid, purchased at sheriff's sale a certain plantation, or tract of land, containing one hundred and eighty acres, be the same more or less, with a two story brick dwelling-house, a stone *Swisser* barn, and other out-houses thereon erected, situated in *Donegal* township, adjoining lands late of *Henry Share*, *Henry Haines*, and others, which said property was sold by the sheriff at the time and place aforesaid, as the property of *Henry Cassel*, as fully appears to us by the deed poll executed by *John Mathiot*, esq., high sheriff of the said county, to the said *John Roberts*, and to his heirs and assigns, for the said premises, bearing date the 24th day of *August*, 1821, which said deed was duly acknowledged in the Court of Common Pleas for the said county, on the 25th day of *August*, 1821, by the said sheriff, and the deed and acknowledgment duly certified under the seal of the said court: And the jurors aforesaid do further say, that the said *John Roberts*, and *Mary*, his wife, on the 25th day of *August*, in the year aforesaid, by their deed, under their hands and seals, and duly acknowledged, assigned the said premises to *David Cooke*, his heirs and assigns: And the jurors aforesaid do further say, *that Henry Cassel is the defendant as whose property the said lands and tenements were sold,* and that the said *Henry Cassel* was in full possession of the same, when the sale above-mentioned was made, when the sheriff's deed above-mentioned was executed, and when the same was acknowledged in the court aforesaid: And the jurors further do say, that the said *David Cooke gave due and legal notice* to the aforesaid *Henry Cassel* then in possession of the premises, *George Reinhart* and *Abraham Cassel*, *tenants* of the said *Henry Cassel*, that the said premises had been sold to him, and required them by the said notice, in writing, to surrender up

(Cooke *v.* Reinhart and others.)

the possession of the said premises to the said *David Cooke*, the purchaser thereof as aforesaid, within three months after the date of such notice; and that more than three months have transpired since the date of such notice, and that the said *Henry Cassel*, *George Reinhart*, and *Abraham Cassel*, have neglected and refused, and still do refuse to comply therewith, by surrendering up the possession of the said premises to the purchaser aforesaid; and the jurors do assess damages against the said *Henry Cassel*, *George Reinhart*, and *Abraham Cassel*, for the unjust detention of the said demised premises at one hundred and three dollars, seventy-five cents, besides all costs of suit. Whereupon it is considered by the said justices, that possession of the said premises be delivered to the said *David Cooke*, and that he recover of the said *Henry Cassel*, *George Reinhart*, and *Abraham Cassel*, his damages aforesaid, together with his costs of suit, amounting to, &c."

The aldermen having made a record of the finding, and entered judgment in favour of the complainant for damages and costs, issued their warrant to the sheriff, by virtue of which, he delivered possession of the premises to *David Cooke*, the complainant.

A *Certiorari*, issued on behalf of the defendants, from the Court of Common Pleas of *Lancaster* county, returnable to *January* Term, 1822, under which the aldermen returned their proceedings to that court, where the following exceptions were filed on the 13th of *March*, 1822:

1st. The plaintiff had no right to apply to the magistrates, to hold these proceedings, until the proper authority had set aside or confirmed the proceedings had by *Samuel Carpenter*, esq. and *Daniel Moore*, esq. and the jury summoned before them, relative to obtaining possession of the same premises. The complainant had appeared before them, and the said magistrates and jury had acted on the case; and because the finding of the jury and magistrates did not please the complainant, he discontinued those proceedings and commenced these before the magistrates.*

2nd. The plaintiff above named was not the purchaser at sheriff's sale.

3d. The jury have not found that *George Reinhart* or *Abraham Cassel*, were in possession of the premises; nor did they come into possession under the defendant as whose property the same was sold, nor was the said *Abraham Cassel* in possession of the premises at all.

4th. The finding of the jury is not according to the act of assembly—but is deficient, and no judgment could be rendered thereon.

5th. No legal notice was given to the defendants to leave the premises; nor is the notice stated in the complaint to have been given conformably to the act of assembly.

---

* The record contained nothing more than is stated in the exception, in relation to the proceedings therein referred to.—*Reporter.*

(Cooke *v.* Reinhart and others.)

6th. The finding of the jury is inconsistent with the complaint and summons, and the record inconsistent with all of them.

7th. The summons is not according to the act of assembly.

8th. The aldermen had no jurisdiction in the case.

9th. The defendants were not summoned to appear before the said aldermen and jury, and, in consequence thereof, had no opportunity of making defence.

10th. General errors—that the complaint, the summons, the inquisition and record are void, as not conformable to the express directions of the act of assembly.

The Court of Common Pleas were of opinion, that the *first, third,* and *fifth* exceptions were fatal to the proceedings, which they therefore reversed, and awarded a writ of restitution. The writ was in the following form:

" *Lancaster County, ss.*

" *The Commonwealth of Pennsylvania to the Sheriff of Lancaster County, Greeting:*

[SEAL.]   " Whereas by our writ of *certiorari*, we lately commanded *John Passmore* and *Samuel Dale,* esqrs., two of the aldermen for the city of *Lancaster,* in the county of *Lancaster,* that of certain proceedings wherein *David Cooke* is plaintiff, and *George Reinhart, Henry Cassel,* and *Abraham Cassel* are defendants, had before the said aldermen under the act entitled ' an act to enable purchasers at sheriffs and coroners' sales to obtain possession,' they should have before our judges at *Lancaster,* at our county Court of Common Pleas, there to be held on the third Monday in the year of our Lord one thousand eight hundred and twenty-one, then next, in order that such further proceedings might be had thereon, as to right and the laws of this commonwealth ought. And whereas our judges aforesaid have, for error in the proceedings aforesaid, reversed the same, and awarded a restitution of a certain plantation or tract of land, containing one hundred and eighty acres, be the same more or less, with a two story brick dwelling-house, a stone *Swisser* barn, and other out-houses thereon erected, situate in *Donegal* township, adjoining lands of *Henry Haines* and others, which, by virtue of the said proceedings you lately took from the possession of the said *George Reinhart, Henry Cassel* and *Abraham Cassel,* and delivered over to the said *David Cooke,* and the costs that accrued on the said proceedings, amounting to seven dollars and fifty-three cents, being unpaid; Therefore, we command you, that without delay you restore to *Henry Cassel* and *Abraham Cassel* full and ample possession of the aforesaid tract of land, with the appurtenances. And we also command you, that of the goods and chattels, lands and tenements of the said *David Cooke* you cause to be made and levied the sum of seven dollars and fifty-three cents, which to the said *George Reinhart, Henry Cassel* and *Abraham Cassel,* in our same court, was adjudged for

their costs and charges which they had been put to in and about the proceedings aforesaid. And have you that money before our judges at *Lancaster*, at our county Court of Common Pleas, there to be held on the third Monday in *January* next, to render to the said *George Reinhart, Henry Cassel* and *Abraham Cassel*, for their costs and charges aforesaid. And have you then there this writ."

To *May* Term, 1827, the record was returned to the Supreme Court, where the errors assigned in the proceedings of the court below were:

1st. The court erred in deciding the *first, third,* and *fifth* exceptions to be fatal to the proceedings before the aldermen.

2nd. The court erred in awarding restitution of the premises to *George Reinhart, Henry Cassel* and *Abraham Cassel.*

3rd. The writ of restitution does not pursue the judgment of the court, and is erroneous in other respects.

When the cause was called up for argument, *Porter* for the defendants, moved to quash the writ, on the ground, that a writ of error, and not a *certiorari,* was the proper remedy in a case like this.

The court ordered the question to be argued, but directed the argument upon the exceptions to proceed in the mean time.

*Norris* for the plaintiff, cited *Kirk* v. *Eaton,* 10 *Serg. & Rawle,* 108. *Fitzalden* v. *Lee,* 2 *Dall.* 205. 3 *Johns. Rep.* 424. 13 *Johns. Rep.* 210. 5 *Johns. Rep.* 350. 10 *Johns. Rep.* 246. 6 *Cowan,* 556. 2 *Salk.* 493. 2 *Caines' Rep.* 182. 4 *Hawk.* 144. *Ruhlman* v. *The Commonwealth,* 5 *Binn.* 24. 4 *Mass. Rep.* 239, 376. 5 *Mass. Rep.* 406. *Ship Portland* v. *Lewis,* 2 *Serg. & Rawle,* 197. *The Commonwealth* v. *The Cheltenham and Willow Grove Turnpike Company,* 2 *Binn.* 257. 2 *Bac. Ab.* 473. 1 *Johns. Ca.* 169. *Heckert's Appeal,* 13 *Serg. & Rawle,* 104. *Shank* v. *Warfel,* 14 *Serg. & Rawle,* 205. *Mayes* v. *Jacoby,* 8 *Serg. & Rawle,* 526.

*Porter* and *Hopkins,* contra, cited *Clark* v. *Yeat,* 4 *Binn.* 185. *Clarke* v. *Patterson,* 6 *Binn.* 128. *Boggs* v. *Black,* 1 *Binn.* 333. *Purd. Dig.* 760. *Schuylkill Navigation Company* v. *Thoburn,* 7 *Serg. & Rawle,* 418. 13 *Johns. Rep.* 158. *T. Raym.* 85.

The opinion of the court was delivered by

Gibson, C. J.—Had the motion to quash been in time, it must have prevailed, for it is certain that a writ of error is the proper remedy in a case like the present. To quash, however, is not of right but by favour of the court; and a motion to that effect comes with an ill grace after the delay of two terms. Neither can we say that the record is not removed. The *certiorari* is a writ of error in respect of every thing but form; and as the record is actually certified, there is enough of substance in the writ to enable us to proceed. We are, therefore, to determine the cause on the exceptions. The proceedings were quashed by the court below; 1. Because other proceed-

(Cooke *v.* Reinhart and others.)

ings for the same cause had been previously prosecuted to judg-
ment. 2. Because, as it is said, the inquest have not found that the
defendants were in possession, nor that those who are said to be
tenants of the debtor, had come into possession under him; and, 3.
Because legal notice of the sale is not, it is said, either found by the
inquest or averred in the plaint.

The rule that no intendment shall be made in favour of proceed-
ings which are in derogation of the common law is, by our prac-
tice, restrained to the question of jurisdiction. A special and limited
jurisdiction is in so many cases committed to subordinate magis-
trates, who are either ignorant, or regardless of forms, that an ap-
plication of the rule in the extent in which it is usually predicated,
would be intolerably mischievous. "The settled rule of this court,"
says Judge YEATES, "has been, on removal of proceedings of jus-
tices of the peace in cases where their jurisdiction evidently appears
on the record, to form no presumption against the accuracy of such
proceedings." (*Buckmyer* v. *Dubs,* 5 *Binn.* 32.) Now, as it is
expressly found that *Henry Cassel* was the defendant whose land
was sold; that he was in possession at the time; and that the pur-
chaser gave notice to him, and to *George Reinhart* and *Abraham
Cassel, his* TENANTS, it would require considerable *astutia* to dis-
cover that the tenants were not in possession under him. So, in re-
spect of the remaining exceptions: The inquest having found that
the purchaser gave DUE *and* LEGAL notice, nothing less than a pre-
sumption unfavourable to the accuracy of the proceedings, would
enable us to say that all the requisitions of the law have not been
fulfilled. It is true, that in attempting to set out the manner and
form of the notice, it is not expressly found to have been given
three months previous to the application to the justices; but neither is
the converse found; and as the inquest could not have found the notice
to be due and legal, if not given in due time, the inquisition, although
not so formal in this respect as an indictment, is well enough. The
objection to the plaint is not founded in fact; and the other excep-
tions which were urged below, are without the semblance of sub-
stance. It is said, that re-restitution being of grace, no reason has
been shown why we should award it here. But without it, there
would be small compensation in reversing the judgment. As the
purchaser was deprived of the just fruits of his execution, we are
bound not only to correct the error, but to redress the injury which
was the consequence of it; and there is a peculiar fitness in this,
where the proceeding is *festinum remedium,* the object of which
would otherwise be frustrated.

Top, J. dissented on the point of notice.

Judgment reversed; the proceedings of the justices affirmed, and
re-restitution awarded.