## S. E. HERWIG *v.* J. W. BEACH.

It is not sufficient that the creditor, in a proceeding to arrest a debtor, should swear that all the facts, and allegations in the petition are true *to the best of his knowledge and belief ;* he must swear *positively* to the specific claim on which he sues, and to his belief of the truth of the other allegations in his petition.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.

*Durant & Horner*, for plaintiff and appellant. *Hunton & Miller* and *Emmerson & Huntington*, for defendant.

VOORHIES, J. The question presented is, whether it be sufficient, in a proceeding to arrest a debtor, that the creditor should swear " that all the facts and allegations in the petition are true to the best of his knowledge and belief."

The District Judge correctly decided that such an affidavit, coming from the party himself, did not meet the requirements of the law.

The Code, Art. 214, requires the creditor to " swear, in the petition which he presents to that effect to any competent Judge, that the debt or the damages which he claims, and the amount of which he specifies, is really due to him." The 215th Article declares that " the oath prescribed in the preceding Article may be taken, either by the creditor himself, or, in his absence, by his attorney in fact, or his agent, provided either the one or the other can swear to the debt, from his personal and direct knowledge of its being due, and not by what he may know or have learned from the creditor, whom he represents." This was amended by the Act of 20th March, 1839, p. 168, sec. 16, which provides that " in such case, it shall be sufficient for the agent or attorney to swear to the best of his knowledge and belief." The law, as it now stands, has this difference between the oath of the party and the oath of his agent or attorney ; the former must swear positively to the specific claim or debt which he sets up ; whilst the latter's affidavit, to the best of his knowledge and belief, is sufficient. In other respects the principal and the agent must make the same affidavit.

In the case of *Jewell et als.* v. *Jewell et als.*, 1 R. 317, the court stated : " It appears to us that, on an indictment for perjury, those expressions " *to the best of his knowledge and belief*," would not avail the traverser, if it were proved that

the material statements in the petition, were false to his knowledge......the affidavit is as positive in point of law, as if the words " *to the best of his knowledge and belief* " had been entirely omitted."

Without questioning in the least the correctness of that decision, which was rendered in an injunction suit, we cannot extend its application to a case of arrest, where the lawgiver has expressed himself otherwise, and discriminated as to the nature of the oath, which even the creditor himself is to take. The agent may swear to the best of his knowledge and belief, with respect to the defendant's indebtedness ; *aliter*, when the party himself takes the oath.

Judgment affirmed.

LAND, J., absent.

---

### SAME CASE—ON AN APPLICATION FOR A RE-HEARING.

VOORHIES, J. In the application for a re-hearing, the plaintiff's counsel present two points which deserve to be noticed.

It is contended that, inasmuch as the Act of March 20th, 1839, had no special reference to the remedy by arrest, but to all conservatory Acts, which may accompany the demand,—the decision in this cause is, in point of fact, in conflict with the case of *Jewell* v. *Jewell.* This would undoubtedly be the result, had the law, independently of the Act of 1839, required similar affidavits from the party for the writs of arrest and injunction.

The Code of Practice, Art. 304, requires the party who enjoins to state " *under oath the facts which, according to his belief, render an injunction necessary.*" But, for the arrest of the debtor, the creditor " *must swear, that the debt or the damages which he claims, and the amount of which he specifies, is really due to him and that he verily believes that the defendant is about to remove, &c.*" In the latter case, the party must take an oath of a two-fold character ; he must swear positively, as to the debt, and to his belief as to the balance ; whilst in the former, it is sufficient for him to take an oath as to his belief, with regard to all the allegations in the petition of injunction. Hence it is, that there cannot be the slightest conflict between this case and that of *Jewell* v. *Jewell.*

The appellant's counsel further contend that the Act of 1839, in laying down the rule that must govern the agent's affidavit, is not exclusive as regards the oath to be taken by the principal. " The amendment, therefore," say they, " does not touch the affidavit of the principal, but leaves it as it was before the Act of 1839 was passed." This is exactly what we have decided ; and, having ascertained that the plaintiff's affidavit for the defendant's arrest was not a compliance with the Code of Practice, upon this subject, we dismissed the action.

Re-hearing refused.