## T. M. Oldham's Admx. v. G. M. Oldham's Admx, &c.

(Decided January 11, 1911.)

### Appeal from Daviess Circuit Court.

1. Pleading—Inconsistent Pleas—Court Will Construe Pleading Most Strongly Against Pleader.—Where it was set out in the answer that the consideration for a conveyance of land was paid out of the proceeds of personal property exempt from debt; and in another paragraph that the property was paid for in part by the proceeds of a homestead previously owned and occupied, the pleas were inconsistent, and on the submission of such a case on its merits, without election, the court will construe the pleading most strongly against the pleader.

2. Same.—Good pleading requires the facts to be stated, when the court, and not the pleader, will be the judge of whether the property was exempt.

3. Voluntary Conveyance—Fraud.—It was incumbent on the wife to show that at the time of the conveyance to her, her husband was in such circumstances as would repel the imputation of fraud in his voluntary conveyance.

SWEENEY, ELLIS & SWEENEY for appellant.

C. S. WALKER for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Appellees, creditors of T. M. Oldham, deceased, brought this suit in equity against his personal representative and widow to have set aside as fraudulent a conveyance of a house and a lot in Daviess county, made to the wife, now the widow of T. M. Oldham, in 1903. The case was decided upon the pleadings. The judgment was in behalf of the plaintiffs, creditors. The debts asserted both were liabilities created prior to the conveyance attacked. It is admitted, and the deed filed as an exhibit with the pleadings shows, that the conveyance was made to Mrs. Oldham for a consideration part paid, and the remainder to be paid, but which was paid after T. M. Oldham's death. The petition charges that T. M. Oldham paid the consideration, and that the deed was made to his wife without any consideration from her, and with the intent to cheat, hinder, or delay his creditors. The answer denied that T. M. Oldham paid the consideration. In another paragraph it is alleged that he paid the consideration, in so far as he paid it, out of proceeds of personal property that was exempt to him from debt. And in another paragraph it was pleaded that the property was paid for in part by proceeds of a homestead previously owned and occupied by T. M. Oldham and wife. The pleas were inconsistent. While the defendant might have been required to elect which plea or defense she would rely on, still, on a submission of the case on its merits without such election the court will construe the pleading most strongly against the pleader. It amounts to an admission that T. M. Oldham paid the consideration, but in avoidance attempts to aver that it was paid for with funds not subject to the creditor's debts. (Nicholson's Trustee vs. Nicholson, 31 Ky. Law Rep. 217; Wallace vs. Mason, 18 Ky. Law Rep. 935.)

However, the plea is not full enough for that purpose. It is not sufficient to say that the property "was exempt." Good pleading requires the facts to be stated, when the court, and not the pleader, will be the judge of whether it was exempt. In attempting to specify the property the answer says:

"At the time of said payment the decedent did not have or own sufficient provisions, including breadstuff and animal food, to sustain himself and family a year and a considerable part of that time, and that he was also without money, personal property or growing crop other than the money paid on said land, and that he would have been entitled to have exempt to him at the time of said payments as against the debts sued for a sum greater than any amount he may have paid thereon; that any sum paid by the decedent was not more than he would have had to pay as rent."

In a rejoinder the appellant pleaded that the payment, in part at least, was made by decedent out of proceeds of a "lot of horses, buggies and property, amounting to over $500.00," also claimed to be exempt, but without any statement of fact showing that they fell within the list of articles specifically exempted by statute, or that such specific articles so exempted were not on hand and retained by the debtor, other than breadstuff. Of the latter plea this court said in Lawson vs. Barlow Co., 21 Rep. 308, 51 S. W., 314:

"The answer is defective in not showing what provision and what provender he had on hand. It will be seen that the averment is that he had not twelve months' provision or provender on hand. That averment might be true, and yet he might have more than eleven months of both on hand."

The answer denied that the conveyance was fraudulent, or made with intent to cheat, hinder or delay T. M. Oldham's creditors. There was not evidence as to T. M. Oldham's solvency in 1903, nor was there any evidence in the case except the deed, and the admissions in the pleadings. If a husband voluntarily conveys his wife property while he is indebted, as to antecedent creditors it is presumptively fraudulent. The fact that antecedent debts are left unpaid is some evidence that not enough was left to pay them; and the relation of the parties is some evidence from which a purpose to hinder and delay creditors may be inferred, especially when such is the result.

A voluntary conveyance is declared void as to pre-existing debts by the statute. (Sec. 1906 Ky. Stats.; Yankey vs. Sweeny, 85 Ky. 55.) When the debtor has no property left to pay his old debts it will be conclusively presumed that his intent in making or procuring the conveyance was to cheat, hinder, or delay his creditors. It was, at least, incumbent on the wife to show that at the time of the conveyance to her, her husband was in such circumstances as would repel the imputation of fraud in his voluntary conveyance. The absence of proof in such state of case is fatal to the claimant under the voluntary conveyance.

Judgment affirmed.