## Chenault v. Bank of Arlington.

(Decided May 20, 1914.)

### Appeal from Carlisle Circuit Court.

Appeal—Dismissal of—Want of Jurisdiction.—Although the pleading of the appellant sought the recovery of as much as $200.00 in the lower court, which is the lowest amount of which the Court of Appeals can on appeal take jurisdiction, where it is conclusively made to appear on the appeal, from the appellant's own evidence and all the evidence heard on the trial in the court below, that the amount actually in controversy is less than $200.00, the appeal will be dismissed by the appellate court because of its want of jurisdiction to entertain it.

JESSE F. NICHOLS for appellant.

JOHN E. KANE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Dismissing Appeal.

This is an appeal from a judgment entered upon a verdict in appellee's favor, returned by the jury on the trial of the case in the court below. The action was brought by appellant to recover of appellee damages claimed to have been sustained by him in the purchase from appellee of eight shares of its capital stock; it being, in substance, alleged in the petition that appellant paid for the stock $125.00 per share, aggregating $1-000.00, and that he was induced to make the purchase by the representations of appellee's president and board of directors that by reason of its prosperous condition, the stock was worth that amount, when in fact it was worth $200 less than appellant paid for it, because of the previous loss of $2,769.16 of the appellee's assets, which loss was concealed by it from appellant and was unknown to him at the time of his purchase of the stock.

Appellee has entered a motion to dismiss the appeal upon the ground that the amount in controversy is not sufficient to give this court jurisdiction thereof. While the petition lays the damages sued for by appellant at $200.00, the evidence introduced in his behalf on the trial, as furnished by the bill of exceptions, conclusively shows the damages, if any were sustained by him, to be far less than that amount, and that they did not exceed $120.00. Indeed, the appellant's own uncontradicted

testimony declares his damages to have been about $100.00, and that they did not exceed $120.00. In other words, that the eight shares of stock for which he paid $125.00 per share were worth at the time of their purchase by him only $113.00 per share, on this basis making a difference of $96.00 between their actual market value and what he paid for them.

Appellant further testified that if he had known at the time of purchasing the bank stock of the appellee's loss of $2,769.16 of its assets, he would not have paid as much for the bank stock by twelve per cent as it cost him. So, taking this statement as the basis in estimating his damages, they could not have exceeded $120.00. It is manifest, therefore, from the appellant's own testimony, that the damages sustained by him fell far short of $200.00; and that if the jury had returned a verdict awarding him damages they could not under the evidence have allowed him as much as $200.00. The amount in controversy, therefore, is the amount of damages as fixed beyond question by the evidence which, being less than $200.00, leaves this court without jurisdiction to entertain the appeal. Craft v. C. & O. Ry. Co., 30 R., 1367; Smith v. C. & O. Ry. Co., 118 Ky., 825; K. & P. Lumber Co. v. Sledge, 143 Ky., 137.

The fact that the damages claimed in the petition amount to $200.00 cannot give this court jurisdiction of the appeal, where the plaintiff's own evidence and all the evidence heard on the trial in the court below clearly shows, as in this case, that the damages actually sustained by him was less than $200.00.

For the reasons indicated the appeal is dismissed.