## Ockerman v. Woodward.

(Decided January 13, 1915.)

### Appeal from Nelson Circuit Court.

1. Appeal.—An appeal is taken within the meaning of the statute when it is granted by the Circuit Court; the date of filing the

record in the office of the Clerk of the Court of Appeals does not control.

2. Appeal—Dismissal.—Where an appeal was granted by the Circuit Court on June 9th, 1914 from a judgment dismissing a petition for $475.00 damages, and the record was filed in this court on December 14, 1914, the appeal is controlled by the Act of 1898, and will not be dismissed for want of jurisdiction.

ERNEST N. FULTON, G. S. & J. A. FULTON for appellant.

KELLEY & KELLEY and REDFORD C. CHERRY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Overruling motion to dismiss appeal.

Ockerman sued the appellee for $475.00 damages; his petition was dismissed on June 5, 1914. The order of June 9, 1914, overruling Ockerman's motion for a new trial, granted him an appeal to this court. Ockerman filed his record in the office of the clerk of this court on December 14, 1914, whereupon appellee moved this court to dismiss the appeal for want of jurisdiction.

Under the Act of March 14, 1898, the minimum jurisdiction of this court, in cases of this character, was fixed at $200.00; and it so remained until the Act of March 17, 1914, fixed said minimum jurisdiction at $500.00, with the right in this court to grant an appeal in certain cases, specified in the act, wherein the recovery was as much as $200.00, exclusive of interest and costs. Acts 1914, p. 94. Upon filing his record in this court appellant, out of abundant caution, entered a motion in this court for an appeal, as provided by Section 3 of the Act of 1914.

The motion to dismiss the appeal is based upon the idea that the appeal is controlled by the Act of 1914, because the record was filed in the office of the clerk of this court on December 14, 1914, after the Act of March 17, 1914, became effective, and that the appeal has been granted by this court. Neither fact, however, is true. The appeal was taken within the meaning of the statute when it was granted by the circuit court. Terry v. Johnson, 105 Ky., 760; Frost v. Rowan, 21 Ky. L. R., 1777, 56 S. W., 427; Alexander v. Warner, 22 Ky. L. R., 720, 58 S. W., 700; Hill v. Booth, 22 Ky. L. R., 840, 58 S. W., 993.

Under Section 55 of the Constitution, the Act of March 17, 1914, did not become effective until ninety days after that date; and, as the appeal was granted by the

circuit court on June 9th, 1914, before the Act of March 17, 1914, became effective, it is to be controlled by the Act of 1898, which was then in force.

The appeal is here as a matter of right; and the fact that appellant, out of abundant caution, moved this court for an appeal under the Act of 1914, cannot affect appellant's rights under the original appeal granted in the circuit court, which has never been abandoned and was prosecuted within the time prescribed by the Code.

Motion to dismiss appeal overruled.