## Magic City Coal & Feed Company, et al. v. Lewis, et al.

(Decided May 4, 1915.)

### Appeal from Harlan Circuit Court.

1. Fraudulent Conveyances—Badges of Fraud.—Where badges of fraud attend upon a conveyance, their effect is to shift to the grantee the burden of evidence, and he must rebut the inferences thereby created and sustain the bona fides of the challenged transaction.

2. Fraudulent Conveyances—Actions to Set Aside—Evidence—Burden of Proof.—Where the circumstances under which a transfer of property is made by a debtor to his wife are suspicious, the failure of the parties to testify or to produce available explanatory or rebutting evidence, is a badge of fraud.

F. F. ACREE and ZEB A. STEWART for appellants.

CLAY & CARTER for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

A number of actions were instituted in the Harlan Circuit Court by certain creditors of H. C. Lewis, for the purpose of subjecting to their demands certain real estate alleged to have been fraudulently conveyed by the debtor. These actions were consolidated, and upon trial the chancellor gave the plaintiffs personal judgments for their claims, but declined to subject the property in question to the payment thereof; and the plaintiffs appeal.

It appears from the evidence that during the year 1911 and before August 15, 1912, H. C. Lewis, being engaged in the merchandise business, became indebted for merchandise to the appellants; that on August 15, 1912,

there was lodged for record, and recorded in the office of the clerk of the Harlan County Court, a deed from H. C. Lewis to his wife, Rhoda E. Lewis, and his son, S. W. Lewis, conveying to them certain lands situated in the county of Harlan, of the value of some six or eight thousand dollars.

It further appears that on August 23, 1912, there was lodged for record and recorded in the office of the clerk of the Harlan County Court, a deed from C. J. Lewis (a son of H. C. Lewis) conveying to Rhoda E. Lewis a certain parcel of land in Harlan County. This deed recites a consideration of four thousand dollars in hand paid, and also that it is executed in satisfaction of a certain mortgage given by the grantors to H. C. Lewis. It was charged by the plaintiffs that the true consideration of this latter conveyance was the discharge and satisfaction of an indebtedness of two thousand dollars owing by said C. J. Lewis to H. C. Lewis, and that H. C. Lewis caused the conveyance to be executed to his wife for the purpose of hindering and defrauding the latter's creditors. The same charge was made concerning the conveyance from Lewis to his wife.

Soon after the recordation of these conveyances Lewis ceased to conduct the merchandise business in which he had been engaged; and his creditors began the institution of actions to recover on their claims against him.

The judgment appealed from recites no reasons for the action of the chancellor in dismissing the petitions as to Rhoda E. Lewis and S. W. Lewis, and declining to subject to the demands of the creditors of H. C. Lewis the lands conveyed to them by him; but it is urged by appellees upon appeal that the plaintiffs failed to produce any proof of fraud in connection with those conveyances, and we assume that it was upon this theory that the chancellor acted.

1. There are circumstances which so frequently attend upon conveyances intended to hinder, delay and defraud creditors, that they are denominated "badges of fraud;" and while they do not raise a conclusive presumption of fraud, their effect is to impose certain duties upon the grantee in the conveyance upon which such badges of fraud attend. 20 Cyc., 439.

As was said by this court in Commonwealth v. Filiatreau, 161 Ky., 434, 170 S. W., 1182: "It is a wise and

ancient rule that fraud is not to be presumed; that a presumption of innocence and of good faith and of fair dealing attends upon all the lawful transactions of all men; and that upon him who asserts a charge of fraud is cast the burden of sustaining his accusation. But, while fraud is not to be presumed, it is not required of him who charges it that he should enter into the secret councils of the perpetrators thereof, and wrest therefrom the direct evidence of their wrong-doing. Fraud may be inferred. Circumstances may be shown of such character as to create inferences making peremptory demand for explanation.''

So, where badges of fraud attend upon a conveyance, their effect is to shift to the grantee the burden of evidence; and he must rebut the inferences thereby created, and sustain the bona fides of the transaction. Lavelle v. Clark, 38 S. W., 481, 18 R., 759; Oldham's Admx. v. Oldham, 141 Ky., 526, 133 S. W., 232; Wiggington v. Minter, 88 S. W., 1082, 28 R., 79; Treadway v. Hogg, 119 S. W., 742; Perry v. Krish, 157 Ky., 109, 162 S. W., 555; Stix v. Calender, 155 Ky., 806, 160 S. W., 514.

2. Fictitiousness of consideration and false statements and recitals as to consideration of a conveyance are badges of fraud. Drane v. Underwood, 1 R., 317; Enders v. Swayne, 8 Dana, 103.

The deed from Lewis to his wife and son recites a consideration of three thousand dollars in hand paid ''by exchange of land in Virginia.'' No such conveyance or exchange of lands is shown to have been made.

As to the deed from C. J. Lewis to Rhoda E. Lewis, it is conceded by her answer that the consideration therein recited is not the true consideration for that conveyance.

3. Inadequacy of consideration is also a badge of fraud under some circumstances. Herrin v. Morford, 9 Dana, 450; Behan v. Warfield, 90 Ky., 151, 13 S. W., 439, 11 R., 960.

The lands conveyed by Lewis to his wife and son are shown to have been worth from two to three times the consideration recited in the conveyance.

4. Concealment of or failure to record the conveyance is a badge of fraud, and must be rebutted. Scrivener v. Scrivener, 8 B. M., 374; Hildeburn v. Brown, 17 B. M., 779.

The conveyance from Lewis to his wife and son is claimed to have been executed January 2, 1911; but it was not recorded until August 15, 1912, after all the claims sued upon had been created.

5. The insolvency or considerable indebtedness of the grantor is a badge of fraud. Bibb v. Baker, 17 B. M., 292.

The evidence shows that H. C. Lewis was largely indebted when the conveyances in question were lodged for record and recorded.

6. A transfer of all of the debtor's property is a badge of fraud, especially when he is embarrassed or insolvent. Commonwealth v. Filiatreau, *supra.*

The record fails to disclose just what property Lewis had remaining after the conveyance of his land to his wife and son, but it does disclose the fact that he had not a sufficient amount to satisfy his creditors.

7. Where the circumstances under which a transfer of property by a debtor is made are suspicious, the failure of the parties to testify or to produce available explanatory or rebutting evidence, is a badge of fraud. Allen v. Farmers Bank, 4 R., 257, 11 Ky. Opin., 725.

In Commonwealth v. Filiatreau, *supra,* where a son had transferred to his father practically all the property possessed by him which could be subjected to his debts, the court said:

"Such things as these, occurring *inter familia,* at such a time and under such circumstances as are here shown, call for more satisfactory explanations, for more candid testimony by the principals, and for a greater elaboration of the details of the transactions had between father and son than was exhibited in this case."

In the case at bar, despite the attendance of these badges of fraud upon the conveyances attacked, the defendants have remained silent; and H. C. Lewis, not only failed, but refused, to testify, after plaintiffs had upon two occasions when he was present at the taking of other depositions by plaintiffs requested that he go upon the witness-stand and submit himself to an examination by them. The record affords no word of explanation concerning the claim of appellees that the transactions in question were conceived and executed in good faith.

It was incumbent upon them, by reason of the attendance of badges of fraud, to meet and overcome them by proof, in order to uphold the conveyances sought to

be set aside; and especially is this true where the transactions are *inter familia.* Perry v. Krish, *supra;* Stix v. Calender, *supra;* Commonwealth v. Filiatreau, *supra;* Oldham's Admr. v. Oldham's Admx., *supra.*

This they made no attempt to do; and the chancellor, therefore, erred in declining to subject to the demands of the creditors of H. C. Lewis the lands in question.

Appellants have entered a motion in this court to dismiss the appeal as to some of the pursuing creditors whose debts are less than $200. But some of the creditors have claims which singly are large enough to give jurisdiction, and in such case, we think the others have a right to have their claims adjudicated herein. See Williams' Ex'r. v. Chamberlain, 123 Ky., 150. Moreover, the matter in controversy here is the validity of the conveyances from H. C. Lewis and of H. C. and C. J. Lewis to Rhoda E. Lewis and involves the title to land.

As to the objection that the claims of some of the creditors are less than $500 and no appeal as to them was granted in this court, we may say that the appeal was granted in the lower court at the May term, 1914, before the act of March 17, 1914, became effective. Ockerman v. Woodward, 162 Ky., 134.

Judgment reversed for proceedings in conformity to this opinion.