## Snider v. Daniels, et al.

(Decided May 5, 1915.)

### Appeal from Logan Circuit Court.

Appeal and Error—Dismissal of For Want of Jurisdiction.—Although, in an action the amount of a debt sought to be recovered of one of the defendants is as much as the amount necessary to

give the Court of Appeals jurisdiction, where in the same action a crop of tobacco belonging to the debtor but in the possession of others, is attempted to be subjected to the demand of the plaintiff, and it is conclusively shown by all the evidence heard on the trial in the circuit court to be of less than the amount of which the Court of Appeals has jurisdiction, the latter court will not entertain an appeal from the judgment of the circuit court dismissing the action as to the parties in possession of the tobacco; but in such case will dismiss the appeal.

I. G. MASON and TRIMBLE & BELL for appellant.

R. W. DAVIS, S. R. CREWDSON, AUSTIN PEAY, WM. M. DANIELS, JR., and WILBUR F. BROWDER for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Dismissing appeal.

The appellant, W. G. Snider, by the judgment of the Logan Circuit Court, recovered in this action of A. B. Scarbrough, a defendant therein, the sum of $175.00, with interest thereon from October 28, 1912, and the further sum of $28.00, with interest from December 22, 1913, and his costs in the action expended; the sum first mentioned being the amount of a note given appellant by Scarbrough for money advanced as a loan upon his crop of tobacco, secured by an unrecorded mortgage lien upon the tobacco expressed in the note, and the $28.00 being liquidated damages recoverable by the terms of the note on account of the failure of Scarbrough to deliver the tobacco to appellant at Adairville, Kentucky, that he might prize and sell it for the purpose of paying himself the $175.00 loan out of its proceeds.

The appellees, J. H. Smith & Son, W. H. Carsey & Co., and J. W. Daniels, were made defendants to the action and a recovery sought against them for the appellant's demands, upon the alleged grounds that the appellee Daniels had wrongfully received the tobacco from Scarbrough, prized and shipped it to the appellees, J. H. Smith & Son and Carsey & Co., by whom it was sold and the proceeds withheld or converted; it being further alleged in the petition that at the time the appellees, J. H. Smith & Son, Carsey & Co., and J. W. Daniels, received the tobacco of Scarbrough they had knowledge of appellant's demands and the existence of his mortgage lien to secure same, and that with such knowledge they fraudulently and with the purpose to prevent the collection of appellant's demands, induced

Scarbrough to violate his contract with appellant by delivering the tobacco to them.

The appellees, J. W. Daniels and J. H. Smith & Son, each filed an answer specifically denying the fraud alleged in the petition and the value given the tobacco therein, also denying that they had any knowledge of the existence of appellant's demands or the lien claimed by him, at the time the tobacco was received by Daniels or when shipped by the latter to J. H. Smith & Son or Carsey & Co., and it was alleged in the answer of the appellee J. W. Daniels that Scarbrough's crop of tobacco was delivered by him to Ed Daniels, a brother of the appellee, to be prized and sold for Scarbrough; that Ed Daniels died before the tobacco could be prized or shipped, and for that reason the work of prizing and shipping it was done by the appellee J. W. Daniels to carry out Ed Daniels' undertaking; that there were but 1,620 pounds of the tobacco, which was prized in different hogsheads with the tobacco of others, as was usual and customary; that 780 pounds of it was shipped to and sold by J. H. Smith & Son, of Clarksville, Tennessee, and the remainder to W. H. Carsey & Co., of the same place, as Ed Daniels had contracted with Scarbrough to do; that there was a loss of 25 pounds in the handling and shipping of the tobacco, which was a reasonable loss, and that he received no part of the proceeds of the tobacco except the usual prizing charges, amounting to $12.00, to which he was entitled.

It was not denied in the answer of the appellees J. H. Smith & Son that they had received of the Scarbrough tobacco shipped them by the appellee J. W. Daniels the quantity alleged in his answer; nor is it alleged in their answer that they had then sold all of the Scarbrough tobacco shipped them by J. W. Daniels, but that such part of it as had been sold realized, after deducting their commission for making the sale, $11.87, which, as ordered by J. W. Daniels, they paid over to the appellees Carsey & Co., to whom it was claimed Scarbrough was indebted. The affirmative matter of the answer of the appellees J. W. Daniels and J. H. Smith & Son was controverted of record.

The appellees Carsey & Co. failed to file an answer, but as it was neither alleged in the petition nor shown by the return of the sheriff upon the summons issued against them, that Carsey & Company are non-residents

of this State, or that the person upon whom the summons was served for them was such an authorized agent or manager of that firm as could have been legally served with a summons, the circuit court seemed to be of opinion that they were not properly before the court, and for that reason the petition was dismissed as to them. The judgment of the circuit court also dismissed appellant's petition as to the appellees J. W. Daniels and J. H. Smith & Son, and awarded them their costs.

Appellant was granted and is prosecuting the present appeal from so much of the judgment as dismissed the action as to the appellees J. W. Daniels, J. H. Smith & Son and Carsey & Company, and the latter have severally moved the dismissal of the appeal.

The appeal cannot be dismissed upon the theory that as the amount involved is less than $500.00 the case comes within the purview of the act of March 17, 1914 (Acts 1914, page 94). The act did not become effective until June 17, 1914, ninety days after its passage, and as the appeal was granted June 1, 1914, it is to be controlled by the act of 1898, then in force, which allowed an appeal to this court where the amount in controversy was as much as $200.00, exclusive of interest and costs. The appeal was taken within the meaning of the statute when it was granted by the circuit court. Ockerman v. Woodward, 162 Ky., 134.

While the amount sued for in this case was $203.00, and appellant obtained judgment for that amount against A. R. Scarbrough, the amount in controversy, so far as the appellees J. W. Daniels, J. H. Smith & Son and Carsey & Company were concerned, was the value of the tobacco upon which appellant was attempting to enforce the lien for the $203.00 claimed in the petition, and the proceeds of which they were alleged to have wrongfully converted; and as, according to appellant's own evidence, and the only evidence in the case, the tobacco was not of the value of $200.00, and brought when sold by the appellees Smith & Son and Carsey & Company the gross sum of $103.50, and there is nothing in the evidence which in the least conduces to show that this amount was less than its true market value, it, therefore, follows that the only amount in controversy on this appeal is $103.50, which is less than the minimum amount of which this court has jurisdiction under the statute governing the appeal.

In Chenault v. Bank of Arlington, 159 Ky., 104, we held that although the pleading of the appellant (plaintiff in the court below) sought the recovery of as much as $200.00, the lowest amount of which the Court of Appeals can, on appeal, take jurisdiction, as it was conclusively made to appear, on the appeal, from the appellant's own evidence, and all the evidence, heard on the trial in the court below, that the amount actually in controversy was less than $200.00, these facts compelled the dismissal of the appeal by this court, because of its want of jurisdiction to entertain it.

For the reasons indicated the motions of the appellees are sustained and the appeal dismissed.