## Griggs, et al. v. Crane's Trustee.

(Decided February 1, 1918.)

### Appeal from Henderson Circuit Court.

1.   Fraudulent Conveyances—Evidence—Burden of Proof.—In actions to subject property to the debts of one, where the title of the property is in another, upon the ground that the property is in reality that of the debter, but is being fraudulently held by another to prevent its subjection to the debts of the real owner, the burden is upon him who charges the fraud to show that the property is owned by the debtor and has been fraudulently transferred to the other.

2.   Fraudulent Conveyances—Consideration—Burden of Proof.—Where it is charged that a deed was executed without consideration, and is therefore fradulent as to existing creditors, and the want of consideration is denied, the general rule is, that the burden of showing the want of consideration is upon him who alleges it.

3.   Fraudulent Conveyances—Evidence—Burden of Proof.—In actions under section 1906, Kentucky Statutes, to set aside transfers of

property and to subject it to the debts of some other than the apparent title holder, the burden shifts from the one alleging the fraudulent transfer to the parties to the conveyance to prove the good faith of the conveyance, when it appears, that the transaction is attended with badges of fraud.

4. Fraudulent Conveyances.—For one, against whom actions for tort or unliquidated damages are pending, to make transfers of his property is a badge of fraud, especially where the grantor is insolvent or considerably embarrassed with debts.

5. Fraudulent Conveyances—Burden of Proof.—Where it is shown that the grantor was never the owner of the property until the transfer was made, and the grantor, at the time, was embarrassed with debts or insolvent, the conveyance is attended with a badge of fraud, which shifts the burden to the grantee to prove that the conveyance was made upon a valid consideration.

F. J. PENTECOST for appellants.

E. L. CRAIG and YEAMAN & YEAMAN for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

On the 26th day of December, 1914, H. M. Crane conveyed to his mother, Lucy J. Griggs, a dwelling house and a store house and the lot upon which they were situated. The consideration for the conveyance, as expressed in the deed, was "the love and affection of the grantor for the grantee and in order to provide for her a home as long as she may live; one dollar in hand paid, and other valuable considerations." Thereafter, on the 28th day of June, 1915, H. M. Crane filed a petition in the Federal court for the district of Indiana, in which he sought a discharge in bankruptcy from his debts. He was accordingly declared a bankrupt and a trustee appointed, who took charge of and sold all of his property, which brought the sum of $1,336.00. The debts proven in the bankruptcy proceeding, up to the time that the referee testified in this case, amounted to $2,350.64. After the trustee had realized the $1,336.00 from a sale of the bankrupt's property, and had paid out of that sum $125.00 to the bankrupt on his claim for exemption, and $1,174.00 in satisfaction of a mortgage, which was given and held by other parties upon the property of the bankrupt before he became the owner of it, there was left in the hands of the trustee $36.02, which could be appropriated to the payment of the $2,350.64 indebtedness of the bankrupt.

This suit was instituted in the Henderson circuit court by the trustee against Crane and Lucy J. Griggs, his

mother, for the purpose of having the deed, which had been executed by Crane to his mother for the store house, dwelling and lot, set aside, upon the ground that it was executed in fraud of the creditors of the bankrupt. The petition alleged that the conveyance was made by Crane to Lucy J. Griggs voluntarily and without any valuable consideration for the execution of the deed, and that no money or other thing of value was paid to Crane as a consideration for the conveyance, but that it was made for the fraudulent purpose of preventing it from being subjected to the payment of his debts and for the purpose of defrauding his creditors. The appellants' Crane and Griggs, by an answer, traversed the allegations of the petition and amended petition, and plead affirmatively that the consideration for the execution of the deed was "ample and valuable," but did not show what the consideration was. This was denied by a reply. Neither of the appellants testified and did not give any information to the court as to the cause of the conveyance or the consideration for it. In addition to the proof of the financial condition of appellant, Crane, at the time he took the benefit of the bankruptcy laws, in June after the conveyance was made in October, it was shown that previous to the month of October, Crane had conveyed a tract of land by a deed, which contained a clause of general warranty, and on the 5th day of December, preceding the conveyance to his mother of the house and lot in controversy, on the 26th day of December, the grantees in the deed to the tract of land, which Crane had conveyed, filed an action against Crane to recover of him the sum of $1,850.00 on account of a breach of the warranties in the deed, and thereafter recovered a judgment against Crane for the sum sued for, which constitutes the larger part of the indebtedness, to escape the payment of which he made his application in bankruptcy. Of the remaining $500.00 of the indebtedness proven in the bankruptcy proceeding against Crane, a large portion of it was indebtedness which was existing at the time, he made the conveyance to his co-appellant, Griggs, for the house and lot in controversy.

The circuit court adjudged that the deed was fraudulent and ordered that it be set aside, and the property sold for the payment of its proceeds to the trustee, to be applied in satisfaction of the appellant, Crane's debts, and from this judgment an appeal has been taken by the appellants, Crane and Griggs.

It is insisted first, that the judgment is erroneous, because the action to set aside the deed was not instituted, until more than six months had transpired after the date upon which it was recorded, and for that reason the appellee's cause of action was barred. This would be true if the transaction was a preferential conveyance, as denounced by section 1910, Kentucky Statutes, but the transaction has nothing in common with a preferential conveyance, as there is nothing in the record to indicate nor is there any claim made, that the conveyance was made by appellant, Crane, in satisfaction of any claim or demand, which appellant, Griggs, held against him, nor is there any claim that she was in anywise his creditor. The action is clearly one, which is provided for by section 1906, Kentucky Statutes. The grounds upon which the deed is assailed are, that it was voluntarily made, without any consideration, and for the fraudulent purpose of preventing the property from being applied to the payment of Crane's debts by his creditors, and was a fraudulent device resorted to by him to cover up the property and defraud his creditors. Such a cause of action is not barred, except by the provisions of sections 2515 and 2519, Kentucky Statutes, which provide that an action to secure relief on account of fraud must be brought within five years after the discovery of the fraud, or if, by the exercise of ordinary diligence, it should have been discovered, but in no event after ten years from the perpetration of the fraud. Sections 2515 and 2519, Kentucky Statutes; Cogar v. National Bank, etc., 151 Ky. 470.

It is further insisted that the judgment is erroneous, because the evidence failed to prove that the deed was made with intention on the part of the grantor to defraud his creditors, or that it was without any valuable consideration to support it. It is true, the general rule is, that in actions to secure the appropriation of property, the title to which appears to be in another, to the satisfaction of the debts of a debtor, upon the ground that the property is in reality that of the debtor, but is being fraudulently held by another to prevent its subjection to the debts of the real owner, the burden is upon the one alleging the fraud to show that the property is owned by the debtor and has been fraudulently transferred to the other. National Roofing Materials Co. v. Smith, 165 Ky. 848; Guthrie v. Hill, 138 Ky. 181; Roby v. Jamison, 143 Ky. 486; Cogar v. National Bank, etc., supra; Aultman &

Taylor Machinery Co. v. Walker, etc. 138 Ky. 835; Blackwell v. O'Neal, et al., 152 Ky. 563. It is, also, the general rule, that where it is charged that a deed was executed without consideration and therefore fraudulent as to existing debts, and the want of consideration is denied by the answer, the burden is upon the one alleging the want of consideration to prove it. White's Admrx. v. White, et al. 148 Ky. 492. In actions under section 1906, *supra,* the burden of proof shifts from the one alleging fraud to the grantee and grantor in the deed to disprove the fraud when certain conditions arise, which will be hereafter adverted to. In actions under this section, the want of consideration for the transfer of property by a debtor is not in all cases conclusive of the fact that the transfer is fraudulent, as it is under section 1907, *supra,* where there are existing creditors, but under section 1906, *supra,* the want of consideration is one of the evidences of a fraudulent conveyance, and if, at the time of such conveyance, without consideration, the debtor is insolvent, that would be conclusive evidence of its being fraudulent as to existing creditors. It has, also, been held that a gift of one's property is fraudulent as to his existing creditors, regardless of his intent. Trimble v. Ratliff, 9 B. M. 511; Creel v. Cloyd, 151 Ky. 627; Lowry v. Fisher, 2 Bush 70; Graham v. English, 160 Ky. 375. Such a gift, however, could not be fraudulent as against a creditor who then did not exist, but under section 1906, *supra,* a conveyance may be fraudulent as to both existing and subsequent creditors. Hence, a transfer made by one, against whom there is pending an action for tort or for other unliquidated damages may be made in fraud of such claimant. McDonough v. McGowen, 165 Ky. 425; Commonwealth v. Filiatreau, 161 Ky. 434; Hale v. Profit, 160 Ky. 440; Lilliard v. McGee, 4 Bibb. 165; Floyd v. Martin, 4 R. 891. The burden of proving the good faith of a conveyance, where it is attacked on account of its having been fraudulently made, shifts from the one alleging the fraud to the one defending the integrity of the conveyance, when the conveyance is attended with what is denominated in the books as badges of fraud. This rule is founded in the reason, that the creditor, who is liable to suffer on account of the fraudulent acts of his debtor in placing his property in the names of others, can not be reasonably expected to be able to go into the very inner secrets and purposes and reasons of those who are conspiring in that

way against him, and be able to lay bare their intentions and purposes; while as to those who are defending the integrity of a conveyance, it is exceedingly easy for them to develop and show all their acts and motives. So, where-ever badges of fraud attend upon the conveyance, the burden is shifted to the grantee and he is required to disprove the inferences created by such badges of fraud, and sustain the good faith of the transaction or else he must lose his defense. Magic Coal & Feed Co. v. Lewis, 164 Ky. 454; Commonwealth v. Filiatreau, *supra;* Stix v. Callender, 155 Ky. 806; Treadway v. Hogg, 119 S. W. 742; Wiggington v. Minter, 88 S. W. 1082; Oldham's Admrx. v. Oldham, 141 Ky. 526; Lavelle v. Clark, 18 R. 759. When a transfer is made by one of his property, when there is pending an action against him for tort or other action for unliquidated damages, the fact that he makes such transfer at such time is a badge of fraud, and it is so, especially if it leaves him without any estate or greatly reduces his property. It is, likewise, a badge of fraud for an insolvent debtor or one who is very considerably indebted to make a transfer of his property. Bibb v. Baker, 17 B. M. 292; Magic City Coal & Feed Co. v. Lewis, *supra.* Where it is shown that the property never belonged to the grantee until the transfer was made, and that the grantor, at the time, was greatly embarrassed with debts or insolvent, it is a badge of fraud which casts upon the grantee the burden of showing that the conveyance was made because of a valid consideration for it. Stix v. Callender, *supra;* National Roofing Materials Co. v. Smith, *supra.* It has, also, been held to be a badge of fraud attending a transfer where the circumstances attending the transaction are suspicious, and the parties fail to produce any explanation of the suspicious circumstances attending the transfer by testifying or giving some explanatory evidence. Allen v. Farmers Bank, 4 R. 257.

In the instant case, the property was not owned or claimed by appellant, Griggs, until it was transferred to her. The grantor was her son and had just a few days before the making of the deed been sued by parties, who sought to recover of him the sum of $1,850.00, and did thereafter recover a judgment for that sum, and the grantor then applied for a discharge in bankruptcy from the payment of his debts; eight months after the making of the deed the assets of the grantor, which could be applied to the satisfaction of his debts, amounted to only

$36.02, and at the time of the making of the deed he must have been greatly embarrassed with his then debts and the prospective judgment against him; the circumstances of the transfer were such as to cast suspicion upon its good faith, and neither the grantor nor the grantee offered any evidence to explain away the inferences deducible from the suspicious circumstances, and did not testify themselves. These attendant circumstances cast the burden of proof, that the conveyance was made in good faith and for a valuable consideration upon the grantee, and she failed to testify or to offer any evidence to explain away the badges of fraud attached to the transaction.

The judgment is therefore affirmed.