## Campbell v. First National Bank of Barbourville.

(Decided March 25, 1930.)

698

MARTIN T. KELLY for appellant.

HIRAM H. OWENS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

J. B. Campbell became indebted to the First National Bank of Barbourville in sums aggregating $800 or $900. While he was so indebted, he conveyed a certain house and lot to his wife, Sue Mae Campbell, the appellant. An attachment was issued against the property in a suit instituted by the appellee, and it was sought to cancel the deed on the ground that it was without consideration and that the conveyance was made for the purpose of cheating, hindering, and delaying his creditors. J. B. Campbell filed an answer denying that the property was conveyed without consideration or for the purpose of cheating, hindering, or delaying his creditors. It developed that the National Bank of John A. Black, had certain lien debts against the property and it was made a party defendant. It had a mortgage to secure indebtedness of $900, and, after the conveyance was made to appellant, another mortgage was executed to it for $1,500.

The deed from J. B. Campbell to his wife recites a consideration of $1,600, which was to be paid by her assuming the $900 indebtedness to the National Bank of John A. Black and a further indebtedness of $700 which J. B. Campbell owed to W. S. Green. She paid nothing, so far as the record discloses, on either of these debts.

Appellant filed her answer denying the allegations of the petition and amended petition and alleging that she was an innocent purchaser of the property, and she attempted to deny a part of the indebtedness of J. B. Campbell to appellee and set up the $1,500 mortgage against the property which had been executed after the property was conveyed to her. By appropriate pleadings the National Bank of John A. Black asserted its claims against the property. Proof was taken as to the value of the property, and the witnesses testified that it was worth $7,000. The chancellor canceled the deed, upheld the validity of the two mortgages to the National Bank

of John A. Black aggregating $2,400 with interest, and directed that the property be sold subject to the debts of that bank which were not due.

It is first contended by appellant that the deed to her was for sufficient consideration. She paid nothing for the property, but only assumed to pay a mortgage against the property which was the primary obligation of the husband and an indebtedness of the husband amounting to $700. She alleged, in her answer, that she realized her dower interest in certain property, but the deed recites no such consideration, and there is no proof to substantiate that plea.

Appellee plants its case squarely on the ground that the conveyance was not for a valuable consideration and that the evidence disclosed by the record was sufficient to establish badges of fraud which made it necessary for appellant to show that the conveyance was free from fraud and that it was for a valuable consideration.

It is the general rule in this state that when a transfer is for a valuable consideration creditors cannot attack it because of the fraudulent intent of the grantor where the grantee had no notice of such intent, but if the grantee has notice of any fact, or facts, calculated to put him on inquiry and which would lead to a discovery of such intent, he has notice. Pence v. Shackelford, 142 Ky. 10, 133 S. W. 956.

Transactions between a husband and wife stand on a different footing from transactions between strangers. Slight evidence will shift the burden to the grantee in such a case where the grantor was her husband. It is true that fraud will not be presumed, but it may be inferred from circumstances. Commonwealth v. Filiatreau, 161 Ky. 434, 170 S. W. 1182.

Under section 1906 of the Ky. Stats., if the sale is made with the intent to delay, hinder, or defraud a creditor it is void, regardless of whether the conveyance was for a valuable consideration or otherwise. Under that section the only question is the intent of the grantor in conveying the property, and the knowledge of that intent by the grantee. Allen v. Ligon, 175 Ky. 767, 194 S. W. 1050. In order to protect the purchaser in such cases his good faith must appear, a consideration must pass at the time of the purchase, and it must be a fair equivalent of the thing bought. If either of these essentials is wanting, the sale is fraudulent under the statute. O'Sul-

livan's Trustee v. Douglass, 124 Ky. 243, 98 S. W. 990, 30 Ky. Law Rep. 366.

In the case before us the facts are sufficient to show that the husband of appellant was indebted to other parties, and that he conveyed his property at such a time. There was no consideration which passed from the grantee to the grantor at the time of the purchase and the consideration expressed in the deed was not a fair equivalent of the thing bought.

It was not necessary that appellee prove the insolvency of J. B. Campbell at the time he executed the deed. It was only necessary that it show such facts as would shift the burden to appellant. O'Sullivan's Trustee v. Douglass, supra; Griggs v. Crane's Trustee, 179 Ky. 48, 200 S. W. 317.

Want of consideration is one of the evidences of a fraudulent conveyance, and if at the time of the conveyance the debtor is insolvent and there is no consideration, the conveyance is fraudulent. A gift of one's property is fraudulent as to existing creditors regardless of his intent. White's Adm'rx v. White et al., 148 Ky. 492, 146 S. W. 1101.

Where badges of fraud are shown, it is a well-settled rule that the burden shifts to the grantee and he must rebut the inferences thereby created and sustain the bona fides of the transaction. Sweeney v. Farmers' State Bank, 219 Ky. 471, 293 S. W. 959; McDonough et al. v. McGowan, 165 Ky. 425, 177 S. W. 277; Magic City Coal & Feed Company et al. v. Lewis et al., 164 Ky. 454, 175 S. W. 992.

Inadequacy of consideration is a badge of fraud. A considerable indebtedness of the grantor is a badge of fraud. Where the circumstances under which a transfer of property by a debtor is made are suspicious, a failure of the parties to testify, or produce available explanatory or rebutting evidence, is a badge of fraud. The cases cited support these conclusions. All of these things existed in this case, and as appellant made no effort to explain or rebut the evidence, the chancellor did not err in holding that the conveyance was fraudulent. It requires slight evidence to shift the burden of proof in transfers from a husband to a wife. This question was fully discussed in the case of Stewart v. Wheeler, 220 Ky. 687, 295 S. W. 991, and in Shannon v. Duffield, 218 Ky. 770, 292 S. W. 322.

702

Some complaint is made about the description in the judgment, it being insisted that it does not accord with the description in the deed from J. B. Campbell to appellant. Such an error would not justify a reversal of the cause, as the judgment could be corrected to conform to the facts. If the judgment does not direct a sale of the property claimed by appellant, she would have no grounds of complaint.

It is insisted that the assumption of the note to W. S. Green was a part of the consideration for the conveyance to appellant. The cancellation of the deeds relieves her of any obligation on the note and there is no claim that she had paid the note. It was the busband's obligation, and it is still his obligation. She was entitled to no lien against the property to secure the payment of this note.

It is insisted that appellee should have exhausted its legal remedies aganist co-obligors before bringing a suit in equity against a grantee to set aside a deed made by one of the joint debtors, or show facts to excuse the failure to do so. The establishment of badges of fraud were sufficient facts to excuse the failure to do so under the circumstances in this case. Appellee could proceed against any one of those jointly bound on the judgment, and for that reason there was no ground on which the special demurrer should have been sustained.

Perceiving no error on the record, the judgment is affirmed.