**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 7 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT WAYNE HAMBY,

      Plaintiff - Appellant,

v.

LENORA JORDAN, Warden JCCC;
WACKENHUT CORRECTIONAL
FACILITY, Warden; and JAMES L.
SAFFLE, Director OK DOC,

      Defendants - Appellees.

No. 02-6253
D.C. No. CIV-01-620-L
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT**

---

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Robert Wayne Hamby, an Oklahoma state inmate appearing pro se, brought this 42 U.S.C. § 1983 action against various prison officials, alleging that those officials (1) violated the Eighth Amendment by failing to protect him from attacks by other inmates and (2) violated his due process rights by arbitrarily taking away 832 of his earned credits. The magistrate judge recommended dismissing the complaint without prejudice based on Plaintiff's failure to exhaust his administrative remedies. The district court adopted that recommendation and dismissed the action without prejudice, but ordered the Department of Corrections to permit Plaintiff to file an administrative grievance out-of-time, and further ordered Plaintiff to submit that grievance within 30 days. Plaintiff then filed this appeal.

"We review de novo the district court's finding of failure to exhaust administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires a prisoner to exhaust "available" administrative remedies before filing an action with respect to prison conditions under § 1983. *Jernigan*, 304 F.3d at 1032. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Id.*

Apparently, Plaintiff does not dispute that he has not exhausted those

remedies, but argues that he should not be required to exhaust because (1) exhaustion would be futile since the time for filing his grievance had expired; (2) he does not believe that prison officials will effectively assist him during the grievance process; and (3) his case involves an "emergency situation" which must be addressed as soon as possible.

We disagree. The Supreme Court has declined to read "futility or other exceptions" into the PLRA's exhaustion requirement. *See Booth v. Churner*, 532 U.S. 731, 741 & n.6 (2001). "Congress ha[s] eliminated both discretion to dispense with administrative exhaustion and the condition that it be 'plain, speedy, and effective.'" *Jernigan*, 304 F.3d at 1032 (quoting *Booth*, 532 U.S. at 739). Moreover, Plaintiff "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them and since he may now be time barred from pursuing them, they are exhausted by default." *Id*. at 1033. This proposition has particular force where, as here, the district court granted extra time to pursue administrative remedies. Finally, we note that the Department of Corrections' grievance policy provides for an emergency grievance procedure.

Accordingly, for substantially the same reasons set forth in the magistrate judge's recommendation dated April 30, 2002, and the district court's order dated July 29, 2002, we **AFFIRM** the judgment of the district court.

Entered for the Court

Harris L Hartz
Circuit Judge