**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 6, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN CARLOS RODRIGUEZ
ESCOBEDO, also known as Christopher
Alvaro Suazo, also known as Juan Eduardo
Perez, also known as Carlos Navarro, also
known as Juan Carlos Escalante-Martinez,
also known as Juan Carlos Esparza, also
known as John Doe, also known as
Christophe Alvado Suaza, also known as
Christophe Suavecito, also known as
Christophe Alvado Smooth, also known as
Eduardo Silva-Perez, also known as
Alejandro Andres Ortiz, also known as
Andrez Soto, also known as Rogelio Solis,
also known as Juan Rodriguez-Esc, also
known as Juan Carlos Escalande, also
known as Juan Rodriguez, also known as
Andres Soto, also known as Christopher
Smooth, also known as Juan Martinez
Escala Esparza, also known as Juan Carlos
Martinez, also known as Juan C.
Rodriguez-Escobledo, also known as J.
Carlos Rodriguez-Escobledo-Rodriguez,

Defendant - Appellant.

No. 10-1495

(D. Colorado)

(D.C. No. 1:10-CR-00217-LTB-1)

---

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,

(continued...)

Before **BRISCOE,** Chief Judge, **ANDERSON**, and **MURPHY**, Circuit Judges.

## I.    Introduction

Appellant Juan Carlos Rodriguez Escobedo pleaded guilty to one count of illegal reentry after deportation subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1).  The district court sentenced him to thirty months' imprisonment, the high end of the advisory guidelines range.  Escobedo now appeals the sentence imposed by the district court, arguing it is substantively unreasonable because the court failed to properly weigh the factors set forth in 18 U.S.C. § 3553(a).  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **affirm** Escobedo's sentence.

## II.    Background

In 2010, while incarcerated in the Arapahoe County Jail on unrelated charges, Escobedo was referred to Immigration and Customs Enforcement ("ICE").  After ICE confirmed Escobedo had been deported to Mexico in 2009 and had not received permission to reenter the United States, a detainer was filed to prevent his release from incarceration.  Escobedo was subsequently charged

---

[*](...continued)
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

with the federal crime of illegal reentry by a deported alien previously convicted of a felony. *See* 8 U.S.C. § 1326(a), (b)(1). He entered into a written plea agreement with the Government, pleading guilty to the single charge contained in the indictment.

Subsequent to the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). The PSR calculated Escobedo's base offense level at eight and increased it four levels pursuant to USSG § 2L1.2(b)(1)(D) because Escobedo had a prior felony conviction. The offense level was then reduced by two levels for acceptance of responsibility pursuant to USSG § 3E1.1, yielding a total offense level of ten. Escobedo's Category VI criminal history was based on five prior felony convictions and eight misdemeanor convictions.[1] His combined offense level and criminal history category resulted in an advisory guidelines sentencing range of twenty-four to thirty months' imprisonment.

Escobedo filed a sentencing statement, asserting that a sentence at the bottom of the advisory guidelines range was appropriate based on an individualized assessment of the factors set forth in 18 U.S.C. § 3553(a). Escobedo based his argument on his history and characteristics; the nature of the offense of conviction; and the seriousness of the crime, the need to provide

---

[1]The PSR also noted that Escobedo had previously been deported or removed four times.

adequate deterrence, and the need to protect the public. *See* 18 U.S.C. § 3553(a). With respect to his history and characteristics, Escobedo took the position they warranted a lower sentence because he first came to the United States when he was sixteen years old. During the time he lived in Colorado, he supported his wife and four children by working in the construction industry and refurbishing vehicles. Escobedo also asserted his offense was less serious because he illegally reentered the country in order to support his family and escape gang violence in Mexico. Finally, he argued he had never previously served a sentence longer than sixteen months and, therefore, a sentence of twenty-four months for the offense of conviction would represent "a graduated approach to sentencing, which in turn effectuates deterrence."

At the sentencing hearing, the district court considered Escobedo's arguments but concluded they did not support a sentence at the bottom of the advisory guidelines range. The court acknowledged the violence in Mexico but reiterated that Escobedo was prohibited from fleeing it by illegally reentering the United States. The district court then expressed concern that Escobedo had twenty-two aliases, had been removed or deported four times, had eight misdemeanor convictions, and had previously been convicted of five felonies, three of which were for possession of a controlled substance and one of which had indications of drug trafficking. The court interpreted this history, coupled with Escobedo's assertion that he reentered the United States to provide for his

family, as indicating Escobedo was likely to again return to the United States illegally and continue to engage in criminal conduct. The court noted that Escobedo could use his skills at repairing automobiles to find employment in Mexico, undermining his argument that he needed to return to the United States to support his family. Finally, the district court characterized Escobedo's argument that he has never served more than sixteen months in prison as "curious." The court found the short sentences did not excuse Escobedo's criminal behavior and, if anything, indicated he "should have served more jail time in the past." In short, the district court concluded that the reasons Escobedo relied on as support for a lower sentence, in fact, supported the imposition of a higher sentence.

Based on its consideration of the § 3553(a) factors, the district court determined that a sentence at the top of the advisory guidelines range was appropriate and sentenced Escobedo to thirty months' imprisonment.

## III.   Discussion

Escobedo challenges only the substantive reasonableness of his sentence, a matter this court reviews under a deferential abuse of discretion standard. *Rita v. United States*, 551 U.S. 338, 351 (2007). "Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007). Those factors "include the nature of the offense and characteristics of the defendant, as well as the need for the

sentence to reflect the seriousness of the crime, to provide adequate deterrence, [and] to protect the public." *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). Because Escobedo's sentence falls within a properly calculated guidelines range, it is entitled to a rebuttable presumption of substantive reasonableness. *Id*. at 1054. On appeal, Escobedo bears the burden of demonstrating his sentence is outside the range of sentences the record can "fairly support." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

Escobedo asserts his sentence is unreasonable in light of the § 3553(a) factors because the district court placed too much weight on his criminal history and not enough on his personal characteristics. *See United States v. Sayad*, 589 F.3d 1110, 1118 (10th Cir. 2009) ("[S]ubstantive reasonableness review broadly looks to whether the district court abused its discretion in weighing permissible § 3553(a) factors in light of the totality of the circumstances." (quotation omitted)). We discern no error in the district court's analysis of the § 3553(a) factors. The court considered each one, disagreeing with Escobedo over whether his personal history and the nature of the offense supported a sentence at the low end of the advisory guidelines range. The record reveals the district court did not fail to weigh the factors, as Escobedo argues. Instead, the court concluded the factors weighed in favor of a higher sentence, not a lower sentence.

Having reviewed and considered Escobedo's appellate argument, we conclude he has failed to rebut the presumption his sentence is reasonable. The

district court fully considered the arguments Escobedo presented in support of his request for a bottom-of-the-range sentence.  It weighed the factors and imposed a sentence at the top of the correctly calculated advisory guidelines range.

**IV.  Conclusion**

The sentence imposed by the district court is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge