FILED
United States Court of Appeals
Tenth Circuit

April 23, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff–Appellee,

v.

ALDO ALONSO HOLGUIN-ESPINO,
a/k/a Aldo Javalera-Espino,

    Defendant–Appellant.

No. 12-1472
(D.C. No. 1:12-CR-00124-JLK-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Aldo Alonso Holguin-Espino appeals his below-Guidelines sentence, claiming it is

substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

    * After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Holguin-Espino pled guilty to Illegal Re-Entry after Deportation Subsequent to an Aggravated Felony Conviction, a violation of 8 U.S.C. § 1326(a) and (b)(2).  According to his pre-sentence investigation report ("PSR"), Holguin-Espino has been convicted of several misdemeanors, including disturbing the peace, assault, and possession of a concealed weapon.  In 2005, he was also convicted in Colorado state court of Possession/Sale of a Schedule I or II Controlled Substance, a felony.  The conviction stemmed from a 1997 search of Holguin-Espino's home in which police found 5.4 ounces of cocaine.  Holguin-Espino failed to appear after he was released on bond, and was re-arrested in Mexico several years later.

Holguin-Espino was deported to Mexico after serving his felony sentence.  He became involved in politics and was hired as the Director of Public Works for a town in Chihuahua.  In 2011, Holguin-Espino was attacked as part of a spate of apparently politically-motivated violence, and a passenger in the car he was driving was killed.  His home was later shot at and three people, including the former mayor of his town, were killed.  He returned to the United States in March 2011.

In February 2012, Holguin-Espino was stopped for driving erratically.  He became belligerent during the stop and was arrested.  Subsequent tests revealed a .225 blood alcohol content.  Holguin-Espino pled guilty to driving under the influence in Colorado state court.  While detained on those charges, Holguin-Espino admitted that he had

reentered the United States without authorization.

Holguin-Espino's PSR calculated an advisory Guidelines range of forty-six to fifty-seven months' imprisonment and a supervised release term of one to three years. He requested a downward variance, asking for a sentence of eighteen months. At sentencing, the district court expressed its disagreement with the illegal reentry Guidelines and stated its intent to vary on that basis. However, the district court rejected Holguin-Espino's argument that he fled to the United States only to escape political violence. The court noted that he could have moved to another part of Mexico or another country. Focusing on Holguin-Espino's history of violent behavior and recidivism, the court concluded that a term of thirty-six months' imprisonment was appropriate. The court also imposed a three-year term of supervised release "to serve as incentive to not come back, because he will be immediately in violation of the conditions of supervise[d] release if he did reenter the United States illegally." Holguin-Espino timely appealed his sentence.

## II

On appeal, Holguin-Espino argues that his sentence is substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion. See United States v. Montgomery, 550 F.3d 1229, 1233 (10th Cir. 2008). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir.

-3-

2009) (quotation omitted). "If the district court correctly calculates the Guidelines range based upon the facts and imposes [a] sentence within that range, the sentence is entitled to a presumption of reasonableness." United States v. Sutton, 520 F.3d 1259, 1262 (10th Cir. 2008). This presumption also applies to a below-Guidelines sentence. See United States v. Balbin-Mesa, 643 F.3d 783, 788 (10th Cir. 2011).

Holguin-Espino argues that the district court erred by placing no weight on the political violence that prompted him to flee Mexico. However, the district court cogently explained its reasons for placing little weight on this issue: Holguin-Espino could have fled to any number of places rather than returning to the United States illegally. See United States v. Escobedo, 427 F. App'x 676, 677-78 (10th Cir. 2011) (unpublished) (affirming sentence and noting that district court "acknowledged the violence in Mexico but reiterated that [defendant] was prohibited from fleeing it by illegally reentering the United States"). The court also explained that it was particularly swayed by Holguin-Espino's criminal history: he had committed two felonies, probation had not deterred his criminal activity, and he had repeatedly engaged in violent conduct. See 18 U.S.C. § 3553(a)(2) (directing sentencing courts to consider "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant . . . ."). Holguin-Espino has not shown that the district court unreasonably weighed these

factors.

Holguin-Espino also argues that the district court should not have imposed three years of supervised release. The Guidelines state that a district court "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c). However, an application note states that courts may "consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." § 5D1.1 app. n.5. The district court permissibly concluded in this case that Holguin-Espino required additional deterrence based on his specific history of recidivism.

### III

Holguin-Espino has not shown that the district court's imposition of a below-Guidelines sentence was "arbitrary, capricious, whimsical, or manifestly unreasonable." Friedman, 554 F.3d at 1307 (quotation omitted). Accordingly, we **AFFIRM**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-5-