**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JON CHAPMAN,

     Plaintiff - Appellant,

v.

ROBERT O. LAMPERT, Director,
Wyoming Department of Corrections;
EDNA CURRY, Wyoming Department
of Corrections Food Service Director;
ROBERT REEVES, Wyoming
Department of Corrections Food
Service Department Administrator;
RAY HAGG, Wyoming Department of
Corrections Food Service Department
Supervisor; STEVE HARGETT,
Wyoming Medium Correctional
Institution Warden; RUBY ZIEGLER,
Wyoming Medium Correctional
Institution Deputy Warden,
individually and in their official
capacities,

     Defendants - Appellees.

No. 13-8075
(D.C. No. 2:12-CV-00276-SWS)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

> [*] This order and judgment is not binding precedent, except under the
> doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
> however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
> Cir. R. 32.1.

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.[**]

Plaintiff–Appellant Jon Chapman, a state prisoner proceeding pro se, appeals the district court's grant of summary judgment for the Defendants–Appellees on his civil rights-based 42 U.S.C. § 1983 claims. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Background

In early 2010, Mr. Chapman pleaded guilty to attempted second degree murder and was sentenced to 25 to 50 years in the Wyoming Department of Corrections ("WDOC"). Chapman v. State, 300 P.3d 864, 866 (Wyo. 2013). Since February 2010, he has been incarcerated at either the Wyoming State Penitentiary in Rawlins or the Wyoming Medium Correctional Institution in Torrington. 1 R. 316-17.

Mr. Chapman professes that he is "an orthodox Jew by birth and was raised in the Jewish beliefs and customs." Aplt. Br. 3; 1 R. 641. Upon entering the State Penitentiary in February 2010, however, Mr. Chapman signed a declaration proclaiming his religious affiliation to be "Christen" [sic]. 1 R. 343. In March

---

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

2010, after alerting prison staff to his inability to eat pork or fish, id. at 321, Mr. Chapman was approved for WDOC's "Religious Diet Program," id. at 344. He entered the program with the "declared faith" of "Christian–7th Day Adventist," and he was placed on a pork- and fish-free religious diet. Id. The "Kosher/Halal" religious-diet option was not checked. Id. In July 2010, Mr. Chapman took the step of changing his declared faith to "Christian/Seventh Day Adventist." Id. at 345. Mr. Chapman later informed prison staff that he was "studying to be a minister" and required books and study materials from the "Seventh Day Adventist Church." Id. at 336.

In December 2011, WDOC transferred Mr. Chapman to the Medium Correctional Institution in Torrington. Id. at 316-17. Upon entry, Mr. Chapman signed an "Inmate Religious Diet Program Participation Agreement" indicating his religious affiliation as Seventh Day Adventist and requesting a dairy-free "Vegetarian Religious Diet." Id. at 268. "Kosher" was an option, but one that Mr. Chapman did not check. Id.

On November 21, 2012, Mr. Chapman filed a formal inmate grievance, complaining that the Institution did not offer "us Jews a kosher vegetarian diet." Id. at 264. The Grievance Manager responded in a memorandum that Mr. Chapman was being served a "vegetarian-lactose free diet" as he requested in his December 2011 agreement. Id. at 265. The Grievance Manager denied Mr. Chapman's grievance and informed him of the appeals procedure. Id. Mr.

Chapman did not appeal the denial of his grievance.  Id. at 643.

On December 19, 2012, Mr. Chapman filed the instant lawsuit, alleging that the Defendants—various WDOC officials and staff—violated his civil rights by denying him a "proper religious diet."  Aplt. Br. 3; 1 R. 8-23.  He stated claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a); Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1(c); and the First, Eighth, and Fourteenth Amendments, citing 42 U.S.C. § 1983.  Aplt. Br. 3; 1 R. 644.  On January 5, 2013—after filing suit and more than a year after filing his grievance—Mr. Chapman signed prison forms changing his religious affiliation to "orthodox Jew" and agreed to participate in the "Kosher Religious Diet Program," specially instructing "vegetarian/ovo-lacto intolerant, no eggs, no milk, no dairy."  1 R. 346.

The district court granted the Defendants' motion for summary judgment and denied Mr. Chapman's competing motion.  Id. at 640.  The court concluded that Mr. Chapman's failure to appeal the denial of his grievance constituted a failure to exhaust available administrative remedies, thus barring his claims.  Id. at 656.  The court went on to conclude that, despite the fact that Mr. Chapman's claims were unexhausted, they also lacked merit.  Id.

While his case was still before the district court, Mr. Chapman filed a motion for a "Temporary Restraining Order and Preliminary Injunction."  Id. at 568.  The motion alleged that Mr. Chapman was "served rotten food for months

on end and has been food poisoned a number of times by prison staff." Id. His

motion sought an injunction mandating that he "receive proper food" and that he

"be moved from this prison to another prison." Id. at 573. The district court

denied Mr. Chapman's motion, holding that Mr. Chapman failed to provide

factual or legal support for such relief, id. at 608, and also noting that Mr.

Chapman inexplicably considered "steamed" vegetables to be "rotten," id. at 609.

Mr. Chapman appealed both of the district court's decisions to this court. 1

R. 746; Aplt. Br. 9-19, 20-22. On appeal, he argues that: (1) his religious dietary

requests are motivated by sincerely held beliefs; (2) he has exhausted his

administrative remedies and made every effort to compromise and solve the

problem; (3)–(5) the Defendants are not protected by Eleventh Amendment,

sovereign, or qualified immunity; (6) his individual-capacity claims against

certain Defendants are valid; (7) he is entitled to damages, both compensatory and

punitive; and (8) he is entitled to injunctive relief. Aplt. Br. 8-9.

## Discussion

A.    Summary Judgment

We review the district court's grant of summary judgment de novo,

applying the same standard as the district court. Air Methods Corp. v. OPEIU,

737 F.3d 660, 665 (10th Cir. 2013).

In contesting whether he exhausted his administrative remedies, Mr.

Chapman argues that he "along with a number of other inmates have submitted letters, kites, and grievances regarding religious and Kosher meal violations" to various prison staff and officials, including the Warden and Director. Aplt. Br. 11. He does not claim that he appealed his grievance but essentially argues that such procedure would have been futile because his previous efforts were "ignored, or answered cursory [sic] as to amount to no answer at all." Id.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The "PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). To properly exhaust administrative remedies, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007).

Taking some, but not all, of the steps in the grievance process does not constitute proper exhaustion; "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." Thomas v. Parker, 609 F.3d 1114, 1118 (10th Cir. 2010). The doctrine of substantial compliance does not

apply.  Id.

WDOC has adopted a formal "Inmate Communication and Grievance Procedure," 1 R. 229-61, which it provides to each inmate, id. at 224, 233-34. The procedure begins with informal face-to-face communications, progresses to written communications (WDOC Form # 320), and, if the situation is still not resolved, culminates in the submission of a written grievance (WDOC Form # 321).  Id. at 238, 247.  A designated "Grievance Manager" investigates each grievance and issues a written response.  Id. at 232, 248-50.  If an inmate disagrees with a Grievance Manager's resolution, an inmate must appeal that decision to the Warden (WDOC Form #322) within seven days.  Id. at 250-52. An inmate must appeal the Warden's decision to the WDOC Director within 10 days.  Id. at 255-57.

Mr. Chapman began this procedure by submitting Form # 321, airing his grievance concerning WDOC's lack of a "vegetarian kosher diet."  Id. at 264.  His Grievance Manager denied his grievance; his Grievance Manager also reminded him how to appeal to the Warden.  Id. at 265.  It is undisputed that Mr. Chapman did not.  Id. at 700.  Although others may have similar claims and Mr. Chapman may have repeated his claims, substantial compliance is not a substitute for proper exhaustion.  See Thomas, 609 F.3d at 1118.

Mr. Chapman's futility justifications are unavailing.  The Supreme Court has declined to read "futility or other exceptions" into the PLRA's exhaustion

requirement. See Booth v. Churner, 532 U.S. 731, 741 n.6 (2001); see also Hamby v. Jordan, 55 F. App'x 887, 888 (10th Cir. 2003). Through the PLRA, Congress "eliminated both discretion to dispense with administrative exhaustion and the condition that it be 'plain, speedy, and effective.'" Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (quoting Booth, 532 U.S. at 739). Where a remedy is "available"—even if its effectiveness is questionable—a prisoner must exhaust it. Id. Mr. Chapman has not demonstrated that the grievance-appeal process was "unavailable" to him. Nor has he demonstrated an absence of any relief available, rendering further steps unnecessary. See Ross v. Cnty. of Bernalillo, 365 F.3d 1181, 1187 (10th Cir. 2004), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

We are aware that Mr. Chapman disagrees with the district court's determination that his claims lacked merit. We recognize he claims that he was forced to choose a "Christian" diet and that he sincerely holds religious beliefs from both Judaism and Christianity. Aplt. Br. 3-5, 9-11. However, we decide this case solely on his failure to exhaust and will not reach these claims except as below.[1]

B.      Preliminary Injunction

---

[1] Although the PLRA exhaustion requirement is not jurisdictional, Woodford, 548 U.S. at 101, it is mandatory and requires dismissal of any case in which an available administrative remedy has not been exhausted, see Porter v. Nussle, 534 U.S. 516, 524 (2002).

We review the denial of a preliminary injunction for abuse of discretion. Davis v. Mineta, 302 F.3d 1104, 1110-11 (10th Cir. 2002). To obtain a preliminary injunction the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm if the injunction is not granted; (3) the balance of equities is in the moving party's favor; and (4) the preliminary injunction is in the public interest. RoDa Drilling Co. v. Siegal, 552 F.3d 1203, 1208 (10th Cir. 2009).

After reviewing the record, we are satisfied that the district court did not abuse its discretion by finding that Mr. Chapman "failed to provide sufficient factual or legal support for any of the noted requirements, particularly considering he is seeking affirmative relief which requires a 'heightened showing of the four factors.'" 1 R. 608 (quoting RoDa Drilling Co., 552 F.3d at 1209).

Moreover, Mr. Chapman's claim for a preliminary injunction is now moot. In his brief, he alleges that his injuries "could have all been prevented" by a preliminary injunction; he does not allege a continuing harm. Aplt. Br. 20. Additionally, Mr. Chapman filed his motion for a preliminary injunction when he was housed at the State Penitentiary in Rawlins, 1 R. 317, 551; some time prior to the filing of his brief, Mr. Chapman was transferred to the Medium Correctional Institution in Torrington, Aplt. Br. 27; Aplee. Br. 39. Because happenstance granted his request that he "be moved from this prison to another prison," 1 R. 573, his claim for such relief is now moot. See Mitchell v. Estrada, 225 F. App'x

- 9 -

737, 741 (10th Cir. 2007) (unpublished) ("An inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief related to conditions of confinement.")

Mr. Chapman alleges additional facts that occurred subsequent to his May 8, 2013 motion for a preliminary injunction. Aplt. Br. 20. These will not be considered for the first time on appeal. Roscoe v. Schoenberger, 87 F.3d 1327, 1327 n.1 (10th Cir. 1996).

We AFFIRM the district court's grant of summary judgment and denial of a preliminary injunction, we DENY Mr. Chapman IFP status, and we DENY his motion to file an amended opening brief. The remaining unpaid balance of the filing fee is due immediately.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge