FILED
United States Court of Appeals
Tenth Circuit

February 25, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JON CHAPMAN,

      Plaintiff - Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS; WYOMING STATE
PRISON; CORIZON HEALTH INC.;
WYOMING DEPARMENT OF
CORRECTIONS MEDICAL STAFF,
NURSES AND DOCTORS; WYOMING
DEPARTMENT OF CORRECTIONS
MEDICAL DEPARTMENT; ROBERT
O. LAMPERT, Director, Wyoming
Department of Corrections, in his official
and individual capacity; EDDIE
WILSON, Warden, Wyoming State
Prison, in his individual and official
capacity; ANNE CYBULSKI-
SANDLIAN, Health Services Program
Manager, in her individual and official
capacity; DR. KURT JOHNSON, Health
Services Regional Manager for PHS, in
his individual and official capacity;
DR. MURRAY YOUNG, Health Services
Physician, in his individual and official
capacity; WYOMING MEDIUM
CORRECTIONAL INSTITUTION,

      Defendants - Appellees.

No. 14-8045
(D.C. No. 1:13-CV-00226-ABJ)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this

(continued)

Before **HARTZ**, **McKAY**, and **McHUGH**, Circuit Judges.

Jon Chapman brought this pro se prisoner civil rights complaint against the defendants under 42 U.S.C. § 1983, alleging denial of medical care, negligence, and sexual discrimination. The district court dismissed the complaint for failure to state a claim. It further found that Mr. Chapman had three prior "strikes" and was therefore barred from proceeding in forma pauperis (IFP) in future civil filings in federal court under 28 U.S.C. § 1915(g). Mr. Chapman appeals from both the dismissal and the three-strike ruling.[1] We affirm the dismissal. We also affirm the three-strike restriction under § 1915(g), but only prospectively. The three-strike restriction applies as the result of our affirmance in this case.

## RULE 12(b)(6) DISMISSAL

The district court determined that Mr. Chapman's complaint failed to state a claim against each of the defendants. It failed to state a claim against Drs. Murray Young and Kurt Johnson, because Mr. Chapman failed to allege facts that showed they personally participated in any deprivation of his constitutional rights, or that

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We previously consolidated Mr. Chapman's two separate notices of appeal by opening this single appeal, in which we instructed him to file a single opening brief.

- 2 -

they were deliberately indifferent to his serious medical needs. The complaint failed to state a claim against Corizon Health Inc. ("Corizon") because it did not allege that Corizon had adopted a policy that caused a constitutional tort, and because vicarious liability is unavailable under § 1983. It failed to state a claim against the Wyoming state defendants in their individual capacities because it failed to allege facts that showed personal involvement by those defendants. Mr. Chapman's official-capacity claims against the individual Wyoming state defendants, as well as his claims against the Wyoming state entities, were barred by Eleventh Amendment immunity. Finally, the complaint failed to state a claim under, or to satisfy the procedural prerequisites of, the Wyoming Governmental Claims Act with regard to any state-law claims against the Wyoming state defendants.

We construe Mr. Chapman's pro se brief liberally. *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1301 n.1 (10th Cir. 2011). We review the district court's dismissal for failure to state a claim de novo. *Albers v. Bd. of Cnty. Comm'rs*, 771 F.3d 697, 700 (10th Cir. 2014). "To survive a motion to dismiss, a plaintiff must plead facts sufficient to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). We also review de novo a decision to dismiss a claim under the Eleventh Amendment. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1268 (10th Cir. 2005).

On appeal, Mr. Chapman argues that (1) his complaint stated an Eighth Amendment claim for deliberate indifference to his serious medical needs; (2) the

Wyoming Department of Corrections failed to follow its own rules; (3) he should be given the opportunity to amend his pro se complaint; (4) the defendants deprived him of a liberty interest protected by the Fourteenth Amendment; (5) the defendants retaliated against him; (6) he adequately exhausted his administrative remedies; (7) the defendants are not entitled to Eleventh Amendment immunity, sovereign immunity, or qualified immunity; (8) he stated valid claims against the defendants in their individual capacities; and (9) he stated a claim for damages recoverable under federal or Wyoming law. Upon consideration of the briefs, the record, and the applicable law in light of the review standards outlined above, Mr. Chapman has failed to establish any reversible error by the district court. Accordingly, we affirm the dismissal of his complaint.

## "THREE STRIKES" UNDER 28 U.S.C. § 1915(g)

The "three strikes" provision of the Prison Litigation Reform Act (PLRA) is designed "to revoke, with limited exception, *in forma pauperis* privileges for any prisoner who has filed three or more lawsuits that fail to state a claim, or are malicious or frivolous." *Skinner v. Switzer*, 562 U.S. 521, ___, 131 S. Ct. 1289, 1299-1300 (2011). It provides that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

- 4 -

28 U.S.C. § 1915(g).

The district court found that Mr. Chapman had brought such an action on three prior occasions and was therefore not entitled to proceed IFP in future civil filings. The district court identified three prior dismissals that it considered prior occasions or "strikes": *Chapman v. Lampert*, No. 12-CV-064-ABJ (D. Wyo. May 2, 2012); *Chapman v. Lampert*, No. 12-CV-276-SWS (D. Wyo. Sept. 10, 2013); and *Chapman v. Wyo. Dep't of Corrs.*, No. 13-CV-136-NDF (D. Wyo. May 13, 2014).

We agree that Nos. 12-CV-064-ABJ and 13-CV-136-NDF count as strikes. The district court dismissed No. 12-CV-064-ABJ as frivolous and No. 13-CV-136-NDF for failure to state a claim.

The district court disposed of No. 12-CV-276-SWS, however, by granting summary judgment in favor of the defendants. Mr. Chapman appealed, and we affirmed the order granting summary judgment and the denial of injunctive relief. *Chapman v. Lampert*, 555 F. App'x 758, 763 (10th Cir. 2014). Because the district court granted summary judgment and did not dismiss the action on one of the grounds identified in § 1915(g), its disposition did not count as a strike. *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("Under the plain language of the statute, only a dismissal may count as a strike . . . .").

Thus, at the time of the district court's decision in this case, Mr. Chapman had two strikes. But in that decision, the court dismissed this case for failure to state a

claim.  Because we have now affirmed that dismissal, it counts as a third strike under the PLRA.  *See Childs v. Miller*, 713 F.3d 1262, 1266 (10th Cir. 2013) (holding affirmance of Rule 12(b)(6) dismissal for failure to state claim constituted third strike under PLRA).  Thus, Mr. Chapman now has three strikes.  "This third strike will ripen to be counted against [his] eligibility to proceed ifp in other civil actions or appeals in federal court when the appellate process has been completed, either by the Supreme Court's denial or dismissal of a petition for certiorari, if [he] files one, or when the time to file a petition for certiorari has expired, if he does not." *Id.*

## CONCLUSION

The judgment of the district court dismissing Mr. Chapman's complaint is affirmed.  We grant his motion to proceed IFP in this appeal, and remind him that he is obligated to continue making partial payments until the filing fee is paid in full.  All other pending motions are denied.  Mr. Chapman now has three strikes, and is prohibited, pursuant to the PLRA, from proceeding IFP in any future civil filing unless he can affirmatively show that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Entered for the Court

Monroe G. McKay
Circuit Judge

- 6 -