**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 14, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MIGUEL ANGEL GUTIERREZ-
CARRANZA,

    Defendant-Appellant.

No. 14-7066
(D.C. No. 6:13-CR-00075-JHP-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH, McKAY,** and **BACHARACH,** Circuit Judges.

After Miguel Gutierrez-Carranza pleaded guilty to reentering this country

unlawfully after a prior deportation, the district court sentenced him to a term of

imprisonment followed by three years of supervised release. On appeal, Mr.

Gutierrez-Carranza argues that it was (substantively) unreasonable for the district

court to impose a term of supervised release given that he's likely to be deported

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously to grant the parties' request for a decision on the briefs
without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

or extradited to Mexico after his incarceration. What's the point of levying supervised release requirements, he asks, when he won't be in the country to abide them? As Mr. Gutierrez-Carranza notes, the advisory guidelines themselves suggest that a term of supervised release "ordinarily" isn't warranted in cases where (as here) "the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c).

The problem is the guidelines also go on to advise that supervised release may be appropriate "if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *Id.* § 5D1.1 cmt. n.5. And the district court made just such a determination here, explaining that (1) it thought it should account for the possibility that Mr. Gutierrez-Carranza might return to the country given his wife and children still reside here, and (2) additional public safety protections would be warranted in the event he reenters or remains given his violent criminal history. The district court's conclusions on these scores are grounded in the facts of this particular case — the record establishes both that Mr. Gutierrez-Carranza has defied one deportation order and that he possesses a violent criminal history. And the court's order falls well within the bounds of discretion marked by our prior cases. *See, e.g.*, *United States v. Estrada-Barrios*, 555 F. App'x 753, 757 (10th Cir. 2014) (a deportable defendant's history of illegal reentry and family ties to the United States can "tilt[] the balance in favor of supervised release");

- 2 -

*United States v. Holguin-Espino*, 524 F. App'x 429, 431 (10th Cir. 2013) (affirming a three-year term of supervised release where the deportable defendant's criminal history suggested he required additional deterrence from reentry).

The judgment is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge